# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL JUDE PETTIT, individually, and
on behalf of all persons similarly situated,

       Plaintiff,

vs.                                                                                            No. CIV 04-1063 JB/RHS

STATE OF NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Request for Default Judgment, filed November 1, 2004 (Doc. 10). The primary issue is whether the circumstances justify the entry of a default judgment against the Defendant State of New Mexico. Because the State attempted to call Plaintiff Michael Jude Pettit before Pettit filed this motion, and because the State entered its appearance the same day that Pettit filed his motion for default judgment, the Court will deny Pettit's request for a default judgment.

## PROCEDURAL BACKGROUND

Defense counsel called Pettit and left a message asking for Pettit's position on Defendant's Motion to Dismiss Complaint. See Defendant's Response in Opposition to Motion for Default Judgment at 1, filed December 4, 2004 (Doc. 14). Pettit did not respond to this call. On November 1, 2004 -- after Defense counsel had called and left a message for Pettit -- Pettit filed a Motion for Default Judgment and other pleadings of a similar nature. See Plaintiff's Request for Default (Doc. 10); Request to Enter Default (Doc. 11); Affidavit for Entry of Default by Michael Pettit (Doc. 12).

After three days, and after receiving no response from Pettit, the State filed its Motion and Memorandum to Dismiss Complaint on November 1, 2004. See Doc. 14. The State provided its motion to dismiss and memorandum to Pettit, but Pettit has not provided a response.

Pettit addresses his request to the Clerk of the United States District Court for the District of New Mexico. Pettit attaches an affidavit that states that he served the complaint and summons on the Defendant State of New Mexico on September 20, 2004; that he made service by certified United States postal mail, return receipt requested; that the time within which the State may answer or otherwise move as to the complaint has expired; that the Defendant has not answered or otherwise moved; and that the Court has not extended the time for the State to answer or otherwise move. See Affidavit for Entry of Default at 1. Pettit requests that the Court enter judgment against the State of New Mexico for "TWO HUNDRED TEN EIGHT HUNDRED EIGHTY TWO BILLION dollars $210.882 BILLION plus costs." Request for Default Judgment at 1. In a separate document, Pettit asserts that the Court should enter default against the state for failure to plead or otherwise defend as the Federal Rules of Civil Procedure provide. See Request to Enter Default.

## **JURISDICTION AND DEFAULT JUDGMENTS**

The United States Court of Appeals for the Tenth Circuit stated in Atkinson-Bird v. Utah, Div. of Child and Family Servs., 92 Fed. Appx. 645, 2004 WL 267754 (10th Cir. 2004)(unpublished opinion):

> "No court may enter judgment on the merits--which a default judgment is--if it lacks jurisdiction." Metro. Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1222 (7th Cir.1991). Given the district court's holding that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine, which we have upheld, any question regarding plaintiff's entitlement to a default judgment is moot. See Lundahl v. Zimmer, 296 F.3d 936, 938-39 (10th Cir.2002)(holding dismissal for lack of subject matter jurisdiction "necessarily rendered moot [plaintiff's] request for an order requiring the entry of ...

a default judgment"), cert. denied, 538 U.S. 983 . . . (2003).

Atkinson-Bird v. Utah, Division of Child and Family Services, 2004 WL 267754, at *647-48.

## ANALYSIS

Pettit's motion for default judgment lacks merit. The State offers a number of reasons. The State argues that the Court should dismiss Pettit's Complaint, Motion for Default Judgment, and other pleadings that he filed, because the Court does not have the necessary subject matter jurisdiction to rule on the Complaint's merits. The State argues that the Court lacks the necessary subject matter jurisdiction to rule on the merits of Pettit's Complaint, because of the Rooker-Feldman doctrine, problems with standing, and a number of other reasons that the Defendant's Motion to Dismiss specifically addresses. See Defendant's Motion to Dismiss Complaint at 5-12.

It may be true that the Court does not have jurisdiction. If that is the case, that reason will provide an additional reason that the Court should deny Pettit's Motion for Default. But the Court need not decide the jurisdictional issue to decide this motion.

The State filed a response the day that Pettit filed its motion for default. The State attempted to contact Pettit before it filed its motion to dismiss. The State has now entered an appearance. There is no sound reason to enter a default judgment now that the State is in the case. It would be better to decide the jurisdictional issue and, if there is jurisdiction, the merits rather than decide the case on a default motion.

**IT IS ORDERED** that the Plaintiff's Motion for Default is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael Jude Petitt
Portales, New Mexico

    *Plaintiff pro se*

David Tourek
David Thomson
  Assistant Attorneys General
New Mexico Attorney General's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*