IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JUDE PETTIT, individually, and
on behalf of all persons similarly situated,

      Plaintiff,

vs.                                                                                         No. CIV 04-1063 JB/RHS

STATE OF NEW MEXICO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Verified Request for Three-Judge Panel, filed September 20, 2004 (Doc. 5). The primary issue is whether the Court should appoint three judges to hear this case. Because Plaintiff Michael Jude Pettit does not explain either in his Complaint or in this Request why, under the judicial scheme that Congress has established, a three-judge panel should hear his case, the Court will deny the motion and proceed to decide the issues that the Plaintiff's case raises.

**PROCEDURAL BACKGROUND**

Pettit files his motion on behalf of all persons similarly situated and addresses his motion to the Chief Judge of this District. He formally requests that she declare and appoint a panel of three qualified and competent judges either from this Court's resources and/or from the entire state to share duties over these proceedings. In support, Pettit states:

> that this action, made and prosecuted on behalf of at least 70,294 plaintiffs against the STATE OF NEW MEXICO for various claims, has extremely broad or significant implications in the administration or interpretation of the law, raises complex issues of law, and is of the utmost paramount interest to the public at large, and society as a whole, with tremendous repercussions being inherent to the posterity of any

interlocutory or final decisions eventually made herein.

## LAW ON THREE-JUDGE PANELS

The procedure for determining if a case warrants a three-judge district court has been described as follows:

> When a request for three judges is presented to the district judge before whom an action is pending, it is for him to determine whether the case is one in which § 2284(a) requires three judges. If he considers that it is, he must immediately notify the chief judge of the circuit, who will then designate two other judges, at least one of whom must be a circuit judge, to sit with the judge to whom the request was made as the three-judge court. It has always been clear that the single judge must decide in the first instance whether a case is one in which three judges are required although that question can be reconsidered by the three-judge court after it is convened and it can dissolve itself and return the case to the single judge if it does not think a three-judge court is required by statute.

C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4235, at 612 (footnotes omitted). "Where a single judge refuses to request the convention of a three-judge court, but retains jurisdiction, review of his refusal may be had in the court of appeals." Gonzalez v. Automatic Emp. Credit Union, 419 U.S. 90, 101 (1974).

Under the federal judiciary scheme that Congress has established by statute, a three-judge court is only permitted in certain circumstances. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). And even if the complaint has the necessary allegations to request that the court convene three judges under 28 U.S.C. § 2284(a), courts have held that a single judge can dismiss an action for want of jurisdiction or where the plaintiff lacks standing. See Nat. Council on Facts of Overpopulation v. Caplin, 224 F.Supp. 313, 314 (D.D.C.)(quoting Ex Parte

Poresky, 290 U.S. 30, 31 (1933)("The provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction."), mandamus denied, 376 U.S. 948 (1963); Hart v. Kennedy, 314 F.Supp. 823, 824 (W.D. Okla. 1970).

## ANALYSIS

Neither Pettit's Complaint nor his Verified Request for Three-Judge Panel offers any legal or statutory authority to support such a request. Pettit's Complaint does not make any allegations to support the Court convening three judges to decide this case. The Complaint contains no allegations warranting a three-judge court such as challenges to the Bipartisan Campaign Reform Act of 2002, see McConnell v. Fed. Election Comm'n, 251 F.Supp.2d 176, 184 (D.D.C. 2003)(utilizing a three-judge district court to evaluate claims under the Bipartisan Campaign Reform Act), rev'd in part on other grounds, 540 U.S. 93, 174 (2003), challenges to the constitutionality of the Children's Internet Protection Act ("CIPA"), see United States v. Am. Library Ass'n, 539 U.S. 194, 202 (2003)(noting that a three-judge panel convened to review the case brought under CIPA), or alleged violations of the Voting Rights Act of 1965, see LaRouche v. Fowler, 152 F.3d 974, 987 (D.C. Cir. 1998)(holding that the district court in not convening a three-judge panel to decide claim brought under Voting Rights Act).[1]

Unlike the statute at issue in LaRouche v. Fowler, Pettit does not allege a claim under a statute in which Congress mandated a three-judge panel, nor do his claims relate to apportionment, nor does he allege any other claim under which a three-judge district court has been deemed warranted. Pettit's request for a three-judge panel, therefore, lacks merit. The Court will deny the

---

[1] The Voting Rights Act states, in part, that "[a]ny action under this section shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28." 42 U.S.C. § 1973c.

motion.

**IT IS ORDERED** that the Plaintiff's Verified Request for a Three-Judge Panel is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Michael Jude Pettit
Portales, New Mexico

    *Plaintiff pro se*

Patricia A. Madrid
  Attorney General of New Mexico
David Tourek
David Thomson
  Assistant Attorneys General
New Mexico Attorney General's Office
Albuquerque, New Mexico

    *Attorneys for the State of New Mexico*